[Civ. No. 5114. Second Appellate District, Division One.—May 15, 1928.]

JOHN G. ARTEL, Respondent, v. MADDALENA RIBOLI, Appellant.

Alfred W. Allen and Fred W. Heatherly for Appellant.

Garner White and Clyde Woodworth for Respondent.

CONREY, P. J.—This action was commenced by complaint against appellant and several other defendants, but at the trial was dismissed as to all defendants except appellant Riboli. Plaintiff alleged that one Cambianico, as owner, entered into a contract with one Randolph, subcontractor, and Frank Pece, general contractor, for the construction of "a building" upon certain described real property of Cambianico; that the contract was in writing, but was not filed with the county recorder, and was not accompanied by any bond as provided under section 1183 of the Code of Civil Procedure; that thereafter the plaintiff, at the request of Randolph acting for himself and as agent for the owner, and upon their promise to pay the reasonable value thereof, furnished certain plumbing materials to be used and which were used in said building; that plaintiff duly filed his claim of lien, etc. Plaintiff demanded judgment for the balance alleged to be due, together with the usual remedy for the enforcement of his lien.

Answer having been made by appellant and other defendants denying the principal allegations of the complaint, the case went to trial. There was no evidence offered to show that Cambianico owned the property or made any contract in relation thereto. On the contrary, it was stipulated that appellant Riboli "is the owner of the property and was at all times." The only reference to any contract with the owner is found in the testimony of Frank Pece that he was the general contractor on the job. It further appears from his testimony that the contract was for the building of six houses on said premises and not merely one house; that Pece signed a contract with Randolph under which Randolph was to furnish the plumbing; that Randolph brought plumbing materials to the premises and did the plumbing work. "He roughed in the plumbing work for six houses. He brought the materials just little by little

every morning and took out the material pretty near every night. He supplied his own materials that went on the job. He had the contract on the six houses.''

From the plaintiff's own testimony it appears that he did not deliver any of said plumbing materials on appellant's premises, but delivered them to Randolph personally without ever knowing anything about their actual delivery or use. Randolph gave to plaintiff a wrong description of the premises where he was to do the work, and plaintiff never found or saw appellant's premises until long afterward. For aught that appears, the materials furnished by Randolph at defendant's premises may never have come from the plaintiff. It is true that, as testified by plaintiff, Randolph paid to plaintiff the sum of $200 on account by delivering to plaintiff a check for that amount, and the witness Frank Pece testified that he gave Randolph a check for $200 payable to the plaintiff. This proves only that the contractor Frank Pece relied upon Randolph's declaration that the materials were coming from Artel, the plaintiff. The amount of materials furnished by the plaintiff to Randolph, measured by their reasonable value as testified to by plaintiff, amounted to a sum substantially greater than the entire contract price which Randolph was to receive under his contract with Frank Pece. Apparently Randolph disappeared before this case was tried, for he was not a witness at the trial.

It is unnecessary to discuss other grounds of appeal urged by appellant. The evidence is clearly not sufficient to justify any finding that the materials furnished by plaintiff to Randolph were used on the premises of appellant, or that the appellant entered into any agreement with Randolph. So far as the record shows, the provisions of the Mechanic's Lien Law may have been fully complied with in any contract between appellant and the contractor. Nevertheless the court, without having before it any party other than the owner of the premises, has rendered personal judgment against the owner and in favor of the subcontractor, and has by its decree attempted to establish and to foreclose a lien against appellant's property for the amount of that judgment.

The judgment is reversed.

Houser, J., and York, J., concurred.